IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NICHOLAS CHRYSANTHOU | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:17-cv-1358 |
| | § | |
| LONE STAR COLLEGE SYSTEM | § | |
|     Defendant | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Nicholas Chrysanthou, (hereafter identified as "Chrysanthou" or "Plaintiff"), files this Original Complaint, complaining of Lone Star College System, and for his cause of action, respectfully shows the following:

## I.
## INTRODUCTION

1. This action seeks equitable relief, actual economic damages, compensatory and punitive damages, attorney's fees, expert witness fees, taxable costs of court, prejudgment and post-judgment interest for violations of the Americans with Disabilities Act of 1990 as Amended committed against Plaintiff during his employment with Defendant.

2. Plaintiff demands a jury on all issues triable to a jury.

## II.
## PARTIES

3. Plaintiff, Nicholas Chrysanthou, is an individual residing in Harris County, Texas.

4. Defendant, Lone Star College System, is a community college system organized and existing pursuant to the laws of the State of Texas for the purpose of operating a system of community colleges in and around Montgomery and Harris County, Texas. Defendant is located within the boundaries of the Southern District of Texas, Houston Division, and was Plaintiff's employer at all times relevant to this action. Lone Star College System may be served with citation and service of process through its Chancellor, Dr. Stephen Head, at 5000 Research Forest Drive, The Woodlands, Texas 77381.

5. Whenever in this Complaint it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine normal course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants, or employees.

### III.
### JURISDICTION AND VENUE

6. This is a civil action over which this court has jurisdiction pursuant to 28 U.S.C. § 1331.

7. The Court has personal jurisdiction over Defendant since it regularly conducts business in the State of Texas, and therefore has minimum contacts with the State of Texas.

8. Alternatively, the Court has personal jurisdiction over Defendant since the acts giving rise to this suit occurred within the State of Texas.

9. Venue is proper in the Southern District of Texas, under 28 U.S.C. § 1391(b) since a substantial part of the events or omissions giving rise to this cause of action occurred in the Southern District of Texas.

10. All conditions precedent to filing this lawsuit have been met

## IV.
## PROCEDURAL REQUISITES

11. Plaintiff filed a Charge of Discrimination under Charge Number 460-2015-01693 with the Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission Civil Rights Division ("TWC CRD") on or about February 27, 2015.

12. On January 31, 2017, the Equal Employment Opportunity Commission issued Plaintiff his Notice of Right to Sue.

13. This Complaint has been filed within ninety (90) days of Plaintiff's receipt of the Notice of Right to Sue letter.

## V.
## FACTS

14. Plaintiff, Nicholas Chrysanthou, began his employment with Lone Star College System in October 2012.

15. Plaintiff suffers from Crohn's Disease.

16. Crohn's disease impacts Plaintiff's digestive system and substantially impacts several of Plaintiff's major life activities.

17. In October 2013, Plaintiff became ill due to the effects of his Crohn's Disease.

18. In September 2014, Plaintiff was released to return to work with workplace accommodations.

19. Upon his release to return to work, Plaintiff discussed with Human Resources the workplace accommodations that he would need to perform his job.

20. On September 29, 2014, Plaintiff returned to work.

21. However upon Plaintiff's return to work, Defendant failed to provide Plaintiff with workplace accommodations that he required.

22. Plaintiff has also applied for several other positions with Defendant that Plaintiff could perform despite his medical condition.

23. However, Plaintiff was not selected for any of the other positions for which he applied.

24. In January 2015, Plaintiff once again became ill because Defendant failed to provide Plaintiff with the necessary workplace accommodations.

25. In January 2015, Plaintiff went on disability leave from Defendant.

26. On February 23, 2016, Defendant terminated Plaintiff's employment.

27. Defendant terminated Plaintiff's employment without ever providing Plaintiff the workplace accommodations that he needed and that he requested.

## VI.
## CAUSE OF ACTION NO. 1—FAILURE TO ACCOMMODATE

28. Paragraphs 1 through 27 are incorporated by reference as if fully set forth herein.

29. As described above, Defendant's unlawful failure to accommodate Plaintiff's disability violates the Americans with Disabilities Act of 1990, As Amended, 42 U.S.C.A. § 12101 *et seq*. and the Texas Labor Code.

30. Nicholas Chrysanthou is an individual with a disability as defined by the ADAAA.

31. Mr. Chrysanthou has the requisite skill, experience, education and other job related requirements necessary to perform, with or without accommodation, the essential functions of his position with Defendant. Therefore, Plaintiff is a "qualified individual with a disability" within the ADAAA. 42 U.S.C.A. § 12111(8); 29 C.F.R. § 1630.2(m).

32. In order to make a claim for failure to accommodate, the Plaintiff must demonstrate that he is disabled as the term is defined in the ADA, that he requested an accommodation or assistance for his disability, that the employer did not make a good faith effort to assist the employee in seeking accommodations, and the employee could have been reasonably accommodated but for the employer's lack of good faith.

33. The ADA requires that employers and employees take part in an "interactive process" to analyze "the precise limitations resulting from the disability and potential reasonable accommodations that could overcome those limitations." 29 C.F.R. § 1630.2(o)(3).

34. The interactive process is crucial because the ADA requires that the employer and the employee must work together in good faith to help each other determine what accommodations are necessary.

35. The EEOC has outlined four steps in this interactive process: 1) Analyze the particular job involved and determine its purpose and essential functions; 2) consult with the individual to ascertain the precise limitation imposed by the disability; 3) identify potential accommodations and assess the effectiveness each would have in enabling the individual to perform the essential functions of the position; and 4) consider the preference of the disabled individual while selecting the accommodation that is most appropriate for both the employee and employer. 29 C.F.R. § 1630.

36. When a disabled employee can show that an employer fails to engage in the interactive process in good faith and can show that the employer failed to provide a reasonable accommodation, the employer is liable for consequential damages, including punitive damages.

37. Although Nicholas Chrysanthou adequately informed his employer of his disability and of his need for an accommodation, Defendant failed to engage in the interactive process in good faith with Mr. Chrysanthou. As such, Defendant violated the ADA by failing to accommodate Mr. Chrysanthou's disability.

38. Defendant further violated the ADA by failing to engage in the "flexible, interactive process" with Mr. Chrysanthou to determine an appropriate accommodation.

39. The accommodations Mr. Chrysanthou requested would not have imposed an undue hardship upon Defendant.

40. Had Defendant accommodated Mr. Chrysanthou's disability, Mr. Chrysanthou would not have been required to take disability leave and would not have been subsequently terminated from his position.

41. As a direct and proximate consequence of Defendant's unlawful failure to accommodate Mr. Chrysanthou's disability, Mr. Chrysanthou has suffered and continues to suffer loss of income, as well as emotional pain and suffering, inconvenience and loss of enjoyment of life.

## VII.
## CAUSE OF ACTION NO. 2—DISABILITY DISCRIMINATION

42. Paragraphs 1 through 41 are incorporated by reference as if fully set forth herein.

43. Nicholas Chrysanthou is an individual with a disability as defined by the Americans with Disabilities Act, as Amended.

44. Mr. Chrysanthou has the requisite skill, experience, education and other job related requirements necessary to perform, with or without accommodation, the essential functions of his job with Defendant. Therefore, Plaintiff is a "qualified individual with a disability" within the ADAAA. 42 U.S.C.A. § 12111(8); 29 C.F.R. § 1630.2(m).

45. Mr. Chrysanthou had a record of a disability, and was regarded and/or perceived by Defendant as being disabled under the Americans with Disabilities Act, as Amended.

46. As described above, Defendant terminated Plaintiff's employment because of his actual and/or perceived disability, in violation of the Americans with Disabilities Act, as Amended.

47. Other direct and circumstantial evidence demonstrates that Plaintiff was unlawfully terminated because of his actual and/or perceived disability.

48. As a result of Defendant's conduct described above, Plaintiff has suffered and continues to suffer loss of income, as well as emotional pain and suffering, inconvenience and loss of enjoyment of life.

## VIII.
## JURY DEMAND

49. Plaintif demands a jury on all issues triable to a jury in this case, and requests that this case be placed on the Court's jury docket.

## IX.
## ATTORNEY'S FEES

50. Paragraphs 1 through 49 are incorporated by reference as if fully set forth herein.

51. Plaintiff is entitled to recovery of his attorney's fees and costs incurred in the prosecution of these claims, both at the trial level, along with conditional appellate awards for each level to which judgment rendered in this matter is taken.

## X.
## **PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that upon final hearing in this cause, Plaintiff have and recover against Defendant the following:

a. Compensatory damages as allowed by law;

b. Economic damages as allowed by law;

c. Reinstatement, or front pay, in lieu of reinstatement;

d. Punitive damages;

e. Pre-judgment and post-judgment interest as allowed by law;

f. Attorney's fees and costs of court; and

g. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

AHMAD & CAPODICE, PLLC

 /s/ Nasim Ahmad
Nasim Ahmad
State Bar No. 24014186
24900 Pitkin, Suite 300
The Woodlands, Texas 77380
Telephone:  (832) 767-3207
Telecopier:  (281) 864-4379

ATTORNEYS FOR PLAINTIFF
NICHOLAS CHRYSANTHOU